**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
444 West C Street, Suite 230
San Diego, CA 92101
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRYSON KRATZ,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CYMETRIX CORPORATION d/b/a HEALTHCARE RECOVERY SOLUTIONS**<br><br>Defendant. | **Case No.:** 2:16-CV-3715<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>**1.) THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET SEQ.;**<br><br>**2.) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.;**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692 *et seq.*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The California legislature enacted the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788 *et seq.*, to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for debtor's rights and prohibit debt collectors from engaging in unfair or deceptive acts and practices.

3. Plaintiff, BRYSON KRATZ, ("Plaintiff") brings this complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the deceptive, unfair, and unlawful actions of CYMETRIX CORPORATION ("CYMETRIX" or "Defendant") with regard to Defendant's unlawful debt collection practices that violate both state and federal law.

///

4. Plaintiff alleges as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

8. This action arises out of Defendant's violations of: (i) the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*.; and (ii) the Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

9. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state law claims.

10. The Court has personal jurisdiction over Defendant as it conducts business within the State of California and has purposefully availed itself of the laws and markets of the State of California and this district.

11. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 as: (i) Plaintiff resides in the County of Los Angles, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

///

///

## PARTIES

12. Plaintiff, BRYSON KRATZ, ("Plaintiff") is a natural person who resides in the City of Palos Verdes Estates, County of Los Angles, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant, CYMETRIX CORPORATION, ("CYMETRIX" or "Defendant") is a Delaware corporation with a principal place of business in Chicago, Illinois.

14. Defendant, in the ordinary course of business, regularly, on behalf of itself and others, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

15. Additionally, Defendant is a "person" as defined by 15 U.S.C. § 1692j.

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as the term is defined by 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

17. At all relevant times, Plaintiff was an individual residing within the State of California.

18. At all relevant times, Defendant conducted business in the State of California and within this district.

19. At all relevant times, Defendant acted as a third-party debt collector collecting, or attempting to collect, debts owed or alleged to be owed another.

///

20. Specifically, Defendant states that it "offers complete end-to-end revenue cycle management solutions for physicians, hospitals and healthcare networks…" including "**billing** and **collections**." [Exhibit 1].

21. Therefore, Defendant's principal business is the collection of "debts" as that term is defined by 15 U.S.C. § 1692a(5) and Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

22. Sometime prior to September 11, 2015, Plaintiff is alleged to have incurred a debt with Torrance Memorial Medical Center ("TMMC") for medical treatment. (the "Debt").

23. This alleged Debt was incurred primarily for personal, family, or household purposes.

24. On or before September 11, 2015, TMMC claimed the Debt was "past due" and in default.

25. On September 21, 2015, TMMC send Plaintiff a letter stating that "Non-payment of your account will result in *collection agency activity*."

26. Sometime after September 21, 2015 but before December 4, 2015, TMMC placed the defaulted debt with Defendant for the purpose of debt collection.

27. On December 4, 2015, Defendant mailed a debt collection letter (the "Letter") to Plaintiff at his personal residence in California. [Exhibit 2]. The Letter was a "communication" as defined by 15 U.S.C. § 1692a(2); an "initial communication" as defined by 15 U.S.C. § 1692g; and the "fist written notice" as defined by Cal. Civ. Code § 1812.700(b).

28. The Letter is printed on Defendant's letterhead which reads "HEALTHCARE RECOVERY SOLUTIONS" in bold lettering on the top of the page.

29. The Letter demands payment for an "amount due" of "$875.46" and states that if the account is "not resolved within 15 days your account will be turned over to Universal Accounts Inc. for *further* collection efforts." Hence, the Letter from Defendant was a current "collection effort."

30. The Letter goes on to state that it is from "a professional debt collector" and that "this is an attempt to collect a debt and any information obtained will be used for that purpose."

31. The Letter was a demand for payment from a "professional debt collector" demanding payment on an alleged defaulted debt owed to another. Plaintiff alleges on information and belief that Defendant, designed, compiled, and furnished the Letter. Accordingly, Defendant engaged in debt collection.

32. The Letter was an "initial communication" as that term is defined by 15 U.S.C. § 1692g. The Letter was completely void of any of disclosers required by 15 U.S.C. § 1692g. Additionally, Defendant failed to send Plaintiff the required validation notice within five (5) days of the initial communication as required by 15 U.S.C. § 1692g.

33. Through this conduct, Defendant violated 15 U.S.C. § 1692g by failing to send Plaintiff, within five days of the initial communication, a written notice containing: (i) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (ii) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (iii) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34. Though this conduct, Defendant also violated Cal. Civ. Code § 1812.700(a)-(b) and Cal. Civ. Code § 1812.702 by failing to include a Consumer Collection Notice as defined by Cal. Civ. Code § 1812.700(a). Cal. Civ. Code

§ 1812.702 provides that any violation of Cal. Civ. Code § 1812.700, *et seq*. is violation of the RFDCPA; thus, defendant violated the RFDCPA, (Cal. Civ. Code § 1788, *et seq*.).

35.  Alternatively, and to the extent Defendant asserts it is not engaging in debt collection, Defendant's letter is false, deceptive, and misleading as Defendant's letterhead and the statements that the letter is from a "professional debt collector" and "is an attempt to collect a debt" misleads consumers into falsely believing that a debt collector is involved in the collection process when it is not.

36.  Alternatively, through this conduct, Defendant (and TMMC) violated: (i) 15 U.S.C. § 1692j by designing, compiling, and/or furnishing any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of, or in an attempt to collect, a debt such consumer allegedly owes such creditor, when in fact such person is not so participating; (ii) 15 U.S.C. § 1692e by making false, deceptive, and/or misleading representations in connection with the collection of a debt; (iii) 15 U.S.C. § 1692e(9) by the use and distribution of any written communication which creates a false impression as to its source, authorization, or approval; (iv) 15 U.S.C. § 1692e(10) though the use of a false representation or deceptive means to collect or attempt to collect a debt or to obtain information from a consumer. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

37.  Through this conduct, Defendant also violated Cal. Civ. Code § 1788.13(i) through the false representation of the true nature of the business or services being rendered by the debt collector.

///

///

## FIRST CAUSE OF ACTION FOR VIOLATIONS OF
## THE FAIR DEBT COLLECTION PRACTICES ACT
## ("FDCPA") 15 U.S.C. § 1692 ET SEQ.

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq*.

40. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount of up to $1,000.00 from each defendant pursuant to 15 U.S.C. § 1692k(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## SECOND CAUSE OF ACTION FOR VIOLATIONS OF
## THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.

41. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

42. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

43. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

44. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3),
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful collection practices stated herein.
- Any and all other relief that this Court deems just and proper.

Dated: May 26, 2016                    Respectfully submitted,

                                       **SINNETT LAW, APC.**

                                       BY: /S/ WAYNE A. SINNETT
                                       WAYNE A. SINNETT, ESQ.
                                       ATTORNEY FOR PLAINTIFF

///
///
///
///

1

## TRIAL BY JURY

2

3

45.    Pursuant to the Seventh Amendment to the Constitution of the United States

4          of America, Plaintiff is entitled to, and demands, a trial by jury.

5

6     Dated: May 26, 2016                                  Respectfully submitted,

7

8                                                          SINNETT LAW, APC.

9

10                                                         BY: /s/ WAYNE A. SINNETT

11                                                         WAYNE A. SINNETT, ESQ.

12                                                         ATTORNEY FOR PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28